UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACQUES E. SMITH,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:09-cv-925

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Jacques E. Smith filed a complaint seeking an award of Disability Insurance Benefits ("DIB") under the Social Security Act. *See* 42 U.S.C. § 405(g). Defendant has filed a motion to dismiss, arguing that this court lacks jurisdiction to review Plaintiff's claim (Doc. 7). Plaintiff has filed a response (Doc. 8). Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. *See* 28 U.S.C. § 636(b).

**I. Background**

Plaintiff alleges in his complaint that he filed an application for Disability Insurance Benefits (DIB) in 2006,[1] but that his application was denied on October 24, 2006.[2] Plaintiff states that he "re-filed" a new application for DIB in February 2008, but that his 2008 application was again denied on March 2, 2008. (Doc. 3, ¶¶5-6).

---

[1] Plaintiff states a claim for "SSD" benefits, which this court interprets to represent "Social Security Disability" benefits, more commonly referred to as DIB.

[2] Plaintiff's complaint alleges an application date of "October 2006" and a denial date of October 24, 2006, whereas Defendant's records reflect an application date of March 1, 2006 and denial date of October 12, 2006. (Doc. 7-1 at 3). As discussed *infra* note 3, the minor discrepancy in dates is not material. In any event, in Plaintiff's Declaration in opposition to Defendant's motion, Plaintiff appears to concede the accuracy of Defendant's records concerning the March application date. (Doc. 8-1 at ¶3).

Plaintiff's complaint further alleges that he "became totally incapacitated on June 6, 1983" due to an injury while employed as a truck driver, and that he "re-injured his lower back in 1996" during a construction accident. (Id. at ¶4). He represents that he "was placed on total disability by the OHIO Bureau of Workers' Compensation in June 1997." (*Id.*). He asks this Court to overturn the Defendant's denial of benefits and to award him DIB "dating back to Pliantiff's original Claim," presumably a reference to the earliest (2006) application referenced in his complaint. (*Id*. at 3, description of relief sought through judgment).

Despite Plaintiff's reference to only 2006 and 2008 applications in his complaint, Social Security records indicate that Plaintiff first sought disability benefits in 2001.[3] On July 25, 2001, an administrative law judge ("ALJ") issued a dismissal order, denying Plaintiff's request for a hearing regarding that application. (Doc. 7-1 at 2). Plaintiff sought no further review of the denial of his 2001 application.

Instead, Plaintiff alleges and records confirm that Plaintiff filed a new application for disability insurance benefits ("DIB") at some point in 2006. On March 8, 2006, records reflect that Plaintiff filed a second application for SSI benefits based upon the same disability period. (Doc. 7-1 at ¶3(c)).[4] There is no dispute that the Defendant denied Plaintiff disability benefits in October 2006. (*Id.*). On January 23, 2008, Plaintiff

---

[3] An affidavit from a records custodian for the Social Security Administration refers to Plaintiff's 2001 application as an application for supplemental security income (SSI) disability. (Doc. 7-1 at ¶3(a)). Plaintiff asserts that he has only filed applications for DIB, never for SSI. (Doc. 8 at 3). However, Plaintiff does not dispute the years of his applications or when the Commissioner denied benefits. Any minor dispute concerning precise dates is irrelevant. The type of application is also irrelevant. The definition of "disability" is the same for purposes of SSI and DIB. More importantly, the sole issue in dispute is this Court's subject matter jurisdiction, which can be resolved without regard to such minor factual discrepancies.

[4] Plaintiff denies filing an SSI application but admits that he filed a DIB application in 2006. As previously stated, the parties' dispute concerning the type of disability application filed is irrelevant for purposes of the pending motion.

filed a new application for benefits that was denied based upon a finding of excessive income. (*Id.*).

In addition to failing to appeal the 2001 denial of benefits, Plaintiff did not administratively appeal the 2006 and 2008 denials of his applications for disability benefits (*Id.*). Instead, on December 22, 2009, Plaintiff filed the present complaint, seeking an award of benefits from this Court. (Doc. 3).

## II. Analysis

### A. Subject Matter Jurisdiction

Federal courts are not courts of general jurisdiction. They have only "the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). Plaintiff claims that this Court has jurisdiction to grant him relief under 42 U.S.C. §405(g). (Doc. 3 at 1). Defendant argues that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), based upon the lack of any reviewable "final decision" by the Social Security Administration.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides the exclusive jurisdictional basis for judicial review of cases arising under the Social Security Act.

> Any individual, after *any final decision* of the Commissioner of Social Security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*Id.* (Italics added).

Section 405(h) additionally provides:

3

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

*Id.* Thus, pursuant to 42 U.S.C. § 405(h), Congress has made it abundantly clear that §405(g) provides the only basis for judicial review of the Commissioner's decisions.

### B. Exhaustion of Administrative Remedies

Defendant argues that Plaintiff's complaint does not arise under § 405(g) because Plaintiff did not exhaust administrative remedies required to obtain a judicially reviewable "final decision." Consequently, Plaintiff does not seek review of the type of claim that is reviewable under § 405(g); namely, a denial of benefits made "after a hearing" and after the Appeals Council has either denied review, or granted review and issued its own decision on the merits.

Defendant's position is supported by Supreme Court precedent. *See Sims v. Apfel*, 530 U.S. 103, 106-107 (2000)(reiterating general rule that social security claimant must exhaust prescribed administrative remedies before seeking relief from federal courts). The Supreme Court has explained that exhaustion for cases governed by §405(g) entails more than "the judicially developed doctrine of exhaustion." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Congress has limited judicial review to consider only final decisions and has left it to the Commissioner to define "final decision" under § 405(g). *Id.* The statutory scheme allows that the Commissioner "may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." *Id.* Accordingly, dismissal of claims is appropriate due to failure to exhaust the administrative remedies required to obtain a final decision. *See*

4

*Heckler v. Ringer*, 466 U.S. 602, 618-619 (1984)(dismissal proper because claimants must exhaust administrative remedies under § 405(g) before pursuing their action in federal court); *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991)(dismissal appropriate because notice denying application of SSI benefits was an "initial determination" and since further administrative remedies were available).

The Social Security Administration has promulgated regulations that contain a number of administrative steps that must be followed by an individual before he or she may seek judicial review under §405(g). Under those regulations, an individual first files an application for benefits, as Plaintiff did in this case in three separate calendar years. *See generally* 20 C.F.R. 404.902. If dissatisfied with the initial determination on his or her application, the claimant may seek reconsideration. 20 C.F.R. §404.907. If still dissatisfied, the claimant may seek an evidentiary hearing before an administrative law judge (ALJ). 20 C.F.R. §404.929. Finally, if dissatisfied with the ALJ's decision, the claimant may seek review before the Appeals Council. 20 C.F.R. §404.967. Only after the Appeals Council either denies review, or grants review and issues its own decision, may the claimant seek judicial review of the Secretary's "final decision" in federal court.

There is no dispute in the record that Plaintiff failed to exhaust his administrative remedies to the extent that he did not appeal the denial of his applications for benefits in 2001, in 2006, or in 2008. Ordinarily, this fact alone would preclude this Court from assuming jurisdiction over Plaintiff's claims under §405(g).

In opposition to dismissal of his claims, however, Plaintiff argues that the ordinary rule should not apply in his case because of procedural errors allegedly made by the Defendant throughout the administrative process. With respect to the 2001 denial of

5

benefits, Plaintiff contends that he was denied the opportunity to seek review before the Appeals Council (the denial of which would have constituted a "final decision") because the ALJ denied his request for a hearing. Thus, Plaintiff asserts that he was denied his right to be heard by the Appeals Council concerning his 2001 application because of the ALJ's dismissal of his hearing request. (Doc. 8 at 3). Plaintiff argues that he was prevented from seeking review after a hearing in 2001 due to the ALJ's refusal to provide him with a hearing.

Plaintiff's reasoning is faulty because he still could have filed an appeal of the ALJ's decision before the Appeals Council. The relevant regulation provides: "If you or any other party is dissatisfied with the hearing decision *or with the dismissal of a hearing request*, you may request that the Appeals Council review that action." 20 C.F.R. §404.967 (emphasis added).

In addition to his alleged inability to seek review by the Appeals Council in 2001, Plaintiff now asserts that the Secretary failed to provide him with adequate notice of the denial of his applications for disability benefits, both in 2001 and in 2006. "Plaintiff never received any notice, from Defendant in either 2001 nor [sic] 2006; therefore, Plaintiff was denied his [right]...to exhaust said Administrative remedies." (Doc. 8 at 4).

Again, Plaintiff's argument fails to persuade. Plaintiff's complaint cites to the specific dates in 2006 and 2008 when his applications were denied. (Doc. 3 at 1). Until the Defendant filed a motion seeking dismissal based upon Plaintiff's failure to exhaust, Plaintiff never suggested (in his complaint or elsewhere at any time over many years) that he had not received adequate notice of the 2001 and 2006 denials of his applications. Ordinarily, Plaintiff would have had only 60 days in which to seek further

6

review of the denial of his prior applications. He would have had an additional 60 days from a "final decision" denying his claim for benefits to seek review in this Court. *See Cook v. Comm'r of Social Security*, 480 F.3d 432 (6th Cir. 2007). After 2001, he waited five years and then filed the 2006 application. After the 2006 denial, he waited nearly two more years and then filed the 2008 application. His recent allegation that he did not receive adequate notice of the 2001 and 2006 denials - presented nearly a decade after the 2001 decision and four and a half years after the 2006 decision- is facially incredible.[5]

Although a failure to receive notice can in some circumstances present a constitutional claim sufficient to overcome a failure to exhaust, Plaintiff has not offered sufficient proof that he failed to receive the 2001 or 2006 decisions. Plaintiff does not dispute, for example, that the decisions were mailed to the address of record listed in those applications. Instead, he merely asserts that he did not receive the decisions. *See McKentry v. Sec'y of Health and Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981)(noting that Plaintiff had introduced sufficient evidence demonstrating lack of receipt of the notice where the Secretary's records did not show mailing to Plaintiff's counsel); *see also Hobt v. Comm'r of Soc. Sec.*, 175 Fed. Appx. 709, 710-711, 2006 WL 988282 (6th Cir. 2006).

Finally, with respect to his 2008 application for benefits, Plaintiff acknowledges that he timely received notice of the denial in March 2008 but "was not allowed to

---

[5] The Social Security Administration has promulgated regulations that permit it to extend time limits for appeal under certain circumstances, including but not limited to a delay in receipt of notice. See, e.g., 20 C.F.R. § 416.1482 (authorizing extension of the 60 day time period to commence action in Federal court under good cause standards of § 416.1411); § 416.1411(b)(7) (extending good cause" to situation where notice of the determination was not received.). There is no indication that Plaintiff ever sought an extension of time from the Appeals Council.

7

pursue an appeal." (Doc. 8 at 4).  Plaintiff explains that on some undetermined date following receipt of the unfavorable decision, he "presented himself, to the Social Security Office, in Hamilton, OHIO [sic] to question the misunderstanding and grounds alleged for denying Plaintiff's claim," but that the "office manager and their security officer escorted Plaintiff off the premises" so that his "appeal of said denial went unanswered." (Doc. 8-1 at ¶4).  The standard notice that Plaintiff admits he received provided clear directions for a written appeal - directions that Plaintiff plainly failed to follow.  He could have but failed to seek an extension of time to perfect an administrative appeal.

Plaintiff erred by continuing to file new applications for disability benefits rather than exhausting his available administrative remedies after each of the Defendant's denials of his multiple applications for benefits.  He compounded his errors by seeking judicial review rather than a timely administrative appeal after the most recent denial of his application for benefits.  Plaintiff's failure to exhaust his administrative remedies deprives this Court of subject matter jurisdiction to review his claims under § 405(g).

**III. Conclusion and Recommendation**

For the reasons explained herein, **IT IS RECOMMENDED THAT** the Defendant's motion to dismiss this case for lack of jurisdiction (Doc. 7) be **GRANTED**, and that this case be **DISMISSED WITH PREJUDICE** and stricken from the active docket.

　　　　　　　　　　　　　　　　　　　　　 /s Stephanie K. Bowman
　　　　　　　　　　　　　　　　　　　　　Stephanie K. Bowman
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACQUES E. SMITH,                                   Case No. 1:09-cv-925

    Plaintiff,

                                                              Spiegel, J.
                                                              Bowman, M.J.

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).