UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACQUES E. SMITH,  :
:
: NO. 1:09-CV-925
　　　Plaintiff,  :
:
　v.  : **OPINION AND ORDER**
:
MICHAEL J. ASTRUE,  :
COMMISSIONER OF SOCIAL  :
SECURITY,  :
:
　　　Defendant.  :

This matter is before the Court on the Magistrate Judge's March 1, 2011 Report and Recommendation (doc. 13), and Plaintiff's Objections (doc. 15). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation that Motion to Dismiss for Lack of Jurisdiction be GRANTED and DISMISSES this case from the Court's docket.

**I. Background**

Plaintiff first sought disability insurance benefits ("DIB") in 2001 based on an injury incurred while employed as a truck driver on June 6, 1983 (doc. 3). Plaintiff represents that in 1997 he was placed on total disability by the Ohio Bureau of Workers' Compensation (Id.). On July 25, 2001, an administrative law judge ("ALJ"), issued a dismissal order, denying Plaintiff's request for a hearing regarding the application (doc. 7). Plaintiff sought no further review of the 2001 application denial (Id.). In 2006, Plaintiff again filed an application for DIB, and

then filed an application for social security insurance ("SSI") benefits on March 8, 2006 (Id.). In October 2006, Plaintiff was denied disability benefits (Id.). Again, on January 23, 2008, Plaintiff filed an application for disability benefits (Id.). Like the 2001 and 2006 applications, this application was denied (Id.). Additionally, as Plaintiff failed to do with the 2001 denial of benefits, Plaintiff did not administratively appeal either the 2006 or 2008 denials of benefits (Id.).

On December 22, 2009, Plaintiff filed his complaint in this matter (doc. 3). Plaintiff requests that the Court overturn the initial denial of benefits, as well as an award dating back to the original claim, which the Magistrate Judge determined likely referred to the 2006 claim (Id.; doc. 13).

**II. Discussion**

Federal courts are not courts of general jurisdiction. Plaintiff argues that this Court has jurisdiction to grant relief under 42 U.S.C. § 405(g). Defendant argues that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction based on lack of any reviewable "final decision" determined by the Social Security Administration. See Fed. R. Civ. P. 12(b)(1).

Before this Court can take jurisdiction under 42 U.S.C. § 405(g), the Plaintiff must have exhausted all administrative remedies. Sims v. Apfel, 530 U.S. 103 (2007). Dismissal of claims is appropriate when claimant has failed to exhaust all

then filed an application for social security insurance ("SSI") benefits on March 8, 2006 (Id.). In October 2006, Plaintiff was denied disability benefits (Id.). Again, on January 23, 2008, Plaintiff filed an application for disability benefits (Id.). Like the 2001 and 2006 applications, this application was denied (Id.). Additionally, as Plaintiff failed to do with the 2001 denial of benefits, Plaintiff did not administratively appeal either the 2006 or 2008 denials of benefits (Id.).

On December 22, 2009, Plaintiff filed his complaint in this matter (doc. 3). Plaintiff requests that the Court overturn the initial denial of benefits, as well as an award dating back to the original claim, which the Magistrate Judge determined likely referred to the 2006 claim (Id.; doc. 13).

**II. Discussion**

Federal courts are not courts of general jurisdiction. Plaintiff argues that this Court has jurisdiction to grant relief under 42 U.S.C. § 405(g). Defendant argues that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction based on lack of any reviewable "final decision" determined by the Social Security Administration. See Fed. R. Civ. P. 12(b)(1).

Before this Court can take jurisdiction under 42 U.S.C. § 405(g), the Plaintiff must have exhausted all administrative remedies. Sims v. Apfel, 530 U.S. 103 (2007). Dismissal of claims is appropriate when claimant has failed to exhaust all

administrative remedies required to obtain a final decision. See Heckler v. Ringer, 466 U.S. 602 (1984).

The claimant must follow the steps set forth by the Social Security Administration. See 20 C.F.R. §404.902. An individual must file an application for benefits. If dissatisfied with the initial determination on the application, the claimant can seek reconsideration. 20 C.F.R. §404.907. If the claimant is still dissatisfied, he may seek an evidentiary hearing before an administrative law judge (ALJ). 20 C.F.R. §404.929. Finally, if the claimant is dissatisfied with the determination of the ALJ, he may seek review before the Appeals Council. 20 C.F.R. §404.967. Only after the Appeals Council has denied the review, or granted review and issued a decision, may the claimant seek judicial review on the "final decision" in federal court.

**A.   The Magistrate Judge's Report and Recommendation (doc. 13)**

In the Report and Recommendation the Magistrate Judge reviewed the record, determining that there was no dispute that the Plaintiff failed to exhaust his administrative remedies to the extent that he did not appeal the denial of his benefit applications in 2001, 2006, or 2008 (doc. 13). The Magistrate Judge then reviewed Plaintiff's argument that the ordinary rule should not apply in his case based on alleged procedural errors made by the Defendant throughout the administrative process (Id.).

3

The Magistrate Judge rejected Plaintiff's argument concerning the 2001 application, that Plaintiff was denied a hearing before the Appeals Council because the ALJ dismissed his hearing request (Id.). The Magistrate Judge found the Plaintiff's reasoning unpersuasive because Plaintiff could still have filed an appeal of the ALJ's decision before the Appeals Council pursuant to 20 C.F.R. §404.967 (Id.).

Plaintiff also argues that the Secretary failed to provide him with adequate notice of the denial of his application for disability benefits in 2001 and 2006 (doc. 8). The Magistrate Judge also found this argument unpersuasive (doc. 13). Plaintiff's Complaint cites specific dates when applications were denied (doc. 3). Additionally, Plaintiff never suggested in his Complaint or at any other point during this experience that he had not received adequate notice of the 2001 or 2006 denials of applications (doc. 13). Finally, Plaintiff has not offered sufficient proof that he failed to receive the 2001 or 2006 decisions (Id.).

The Magistrate Judge further rejected the last argument offered by the Plaintiff. Plaintiff argues he was not able to pursue an appeal after receiving the 2008 denial of benefits (doc. 8). However, Plaintiff admits receiving the standard notice, which provides clear instructions for filing a written appeal (doc. 13). The Magistrate Judge found Plaintiff neither followed the

4

instructions, nor did Plaintiff seek an extension of time to perfect an administrative appeal (Id.).

**B.  Plaintiff's Objections (doc. 15)**

Plaintiff argues in his objections that the Social Security Administration discriminated against the Plaintiff by removing him from the Social Security office (doc. 15). Plaintiff further argues that this removal was the result of Plaintiff's challenge to the authority of a "non-citizen," and that the removal denied him his right to a hearing before a Social Security judge (Id.).

**C.  Analysis**

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned.  The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 13), and denies Plaintiff's Objections (doc. 15).

In his objection, Plaintiff argues a series of administrative errors kept him from receiving the Social Security benefits to which he was entitled (Id.).  He additionally alleges discrimination by the Social Security Administration (Id.).  The Court notes the unfortunate series of events that potentially left pro se Plaintiff in a difficult posture, while apparently vying for benefits between Ohio Workers' Compensation and the Social Security

5

Administration from the time of the accident in 1983 to the present.  However, the Court does not find Plaintiff's objections well-taken.  The Court cannot overlook that Plaintiff failed to exhaust the administrative remedies required by the Social Security Act, 42 U.S.C. §405(g), and consequently the federal court system cannot take jurisdiction over this matter.

**III. Conclusion**

Ultimately, Plaintiff failed to follow the procedures set forth in 42 U.S.C. §405(g), and this Court is not permitted to take jurisdiction of his claim.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 13) in all respects, and DISMISSES this case WITH PREJUDICE from the Court's docket.

SO ORDERED.

Date: June 2, 2011          /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge

6